UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs,

v.                                                       Case No. 8:21-cv-239-TPB-AEP

AT HOME AUTO GLASS LLC,
WILLIAM CAMP, and NICHOLAS
ALEXANDER,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTIONS TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT**

This matter is before the Court on "Defendant's, At Home's, Motion to Dismiss Amended Complaint" (Doc. 75), filed on February 1, 2022, "Defendant Camp's Motion to Dismiss" (Doc. 76), filed on February 1, 2022, and "Defendant Nicholas Alexander's Motion to Dismiss Amended Complaint" (Doc. 77), filed on February 4, 2022. Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "State Farm"), filed responses in opposition to these motions on February 22 and February 25, 2022. (Docs. 80; 81; 82). Defendant At Home Auto Glass, LLC ("At Home"),[1] filed a notice

---

[1] Because Defendants raise overlapping arguments for dismissal, the Court will refer to Defendants' arguments as those of "At Home."

of supplemental authority on March 15, 2022. (Doc. 83). The Court held a hearing on the motions on June 9, 2022. (Doc. 86).

## Introduction

Under § 627.7288, *F.S.*, insurance companies providing comprehensive automobile coverage must offer windshield repair coverage with no deductible. Under § 627.428, *F.S.*, insureds or their assignees who prevail in lawsuits against insurance companies may recover attorneys' fees. This statutory regime has resulted in thousands of low-dollar "windshield cases" being filed in County Courts throughout Florida, imposing costs on insurance companies who must not only defend thousands of these cases but pay prevailing plaintiffs' attorney fees, even where the plaintiff recovers only a very small amount of money. The lawyers who handle these cases for plaintiffs, no doubt, favor the system because it is lucrative for them and, they would argue, it equalizes the playing field for consumers by requiring insurance companies to fully compensate insureds on windshield claims. Insurance companies contend that fraud is rampant in this area. Plaintiffs' lawyers contend that insurance companies regularly fail to honor their contractual obligations to fully compensate consumers on windshield claims.

The fact that insurance companies do not favor this system is no secret. But insurance companies have, apparently, been unable to convince the Florida Legislature to change the law. In the latest battle within a broader war, various auto insurance companies have gone on the offensive and filed cases such as this in

federal courts.[2] The insurance companies, including State Farm in this case, allege that windshield repair companies have generated and acquired the insurance claims at issue by engaging in conduct that violates various statutory provisions. They have asserted creative legal theories, such as State Farm's invocation of consumer protection statutes in this case, attempting in one stroke to recover monies already paid out and to avoid paying pending claims. As discussed below, the present complaint states a claim for relief and will not be dismissed, but the Court has concerns regarding the ultimate viability of this effort.

## Factual Background

The factual background and legal principles relevant to this Order are discussed in more detail in the Court's Order granting Defendants' motions to dismiss the original complaint. That discussion is incorporated by reference.

### *Original Complaint*

State Farm's comprehensive automobile coverage pays to replace or repair its insureds' damaged auto windshields with no deductible. At Home repairs and replaces windshields for customers that include State Farm's insureds. At Home obtains an assignment of the customer's right to receive payment for the repairs under the customer's policy and submits the claim for payment to State Farm. State Farm's original complaint alleged that $1.4 million in claims submitted by At Home for thousands of individual windshield repairs and paid by State Farm over a

---

[2] *See, e.g., Government Employees Ins. Co. v. Glassco, Inc.*, 8:19-cv-01950-KKM-JSS (M.D. Fla.); *Government Employees Ins. Co. et al. v. Auto Glass America, LLC*, No. 8:18-cv-00856-MSS-JSS (M.D. Fla.); *Government Employees Ins. Co. v. Clear Vision Windshield Repair, LLC.*, 8:16-cv-02241-EAK-MAP.

three and one half year period, were the product of business practices that violated the Florida Motor Vehicle Repair Act ("FMVRA"), an FTC Rule allowing consumers a "cooling off" period in which to cancel a contract, and a similar requirement under the Florida Home Sales Solicitation Act ("FHSSA"), and that violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). State Farm further alleged that At Home in submitting the claims made false representations to State Farm with respect to the number of hours expended and the services provided in making the repairs. As a result, State Farm alleged, the claims were completely noncompensable and it was entitled to recover the amount of all the payments already made and to declaratory relief stating that it need not pay any pending claims.

State Farm's complaint asserted four counts – Count I (FDUTPA based on FMVRA violations and false and deceptive practices), Count II (FDUTPA based on FTC Rule and FHSSA violations), Count III (unjust enrichment), and Count IV (declaratory judgment).

*Prior Dismissal Order*

The Court dismissed the original complaint without prejudice. The Court rejected State Farm's argument that *any* violation of FMVRA occurring in the course of At Home's application for licensing as a repair shop, solicitation of customers, repair work, and/or billing, necessarily violated FDUTPA, rendered the resulting claims submitted to State Farm "false" or noncompensable, or entitled State Farm to recover payments it made. The Court held that some of the conduct

alleged, such as misrepresentations to customers, if proven, could be found to violate FMVRA or FHSSA, and to violate FDUTPA.  But the complaint nevertheless failed to allege a FDUTPA claim because it failed to allege a basis to hold the insurance claims noncompensable, and therefore failed to allege State Farm's payments on the claims constituted a cognizable loss for purposes of FDUTPA.

State Farm's unjust enrichment claim suffered from the same defect.  State Farm sufficiently alleged that it had provided a benefit to At Home in the form of payments on claims, which were knowingly received and retained by At Home.  As for whether At Home's retention of the payments would be unjust or inequitable, State Farm relied on broad language in *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 584 (11th Cir. 2013), to the effect that a party is unjustly enriched when it retains money it was not "legally entitled to receive in the first place."  The Court, however, held that State Farm failed to allege facts showing that At Home was not "legally entitled to receive" the payments.  The Court also noted that At Home had provided consideration for the payments by repairing the windshields of State Farm's insureds, and that an unjust enrichment claim will not lie where the defendant has given adequate consideration to someone in exchange for the benefit received.[3]

The Court dismissed the declaratory judgment count, holding that (1) for the reasons just discussed, State Farm was not entitled to the requested declaration

---

[3] The importance of this principle of law was reinforced by the Florida Supreme Court's decision in *Pincus v. Am. Traffic Solutions, Inc.*, 333 So. 3d 1095 (Fla. 2022), discussed further below.

that all claims submitted were invalid, and (2) determination of the other counts would provide essentially the same relief, and a declaration would therefore serve no purpose.

***State Farm's Amended Complaint***

The amended complaint is very like the original, again asserting two counts under FDUTPA, a count for unjust enrichment, and a count for declaratory relief. State Farm, however, includes new allegations pointing to a Concealment or Fraud provision in an exemplar policy (the "Policy"), under which there is no coverage for persons who make knowing, false representations of material fact in submitting a claim:

> There is no coverage under this policy for any **person** who, or organization making claim or seeking payment that, has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

State Farm alleges that the information At Home submitted to it in seeking payment on the claims at issue included false representations regarding the hours worked, fabricated miscellaneous charges, and false representations that State Farm's insureds had seen and approved the charges. Therefore, State Farm argues, under this Policy provision, At Home was not legally entitled to receive the payments it received, and these new allegations therefore remedy the defect cited by the Court in dismissing the original complaint. Defendants once again move to dismiss.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

***FDUTPA***

The Court agrees with State Farm that the amended complaint's allegations regarding the Policy's Concealment or Fraud provision, combined with its allegations of misrepresentations by At Home in seeking payment, remedy the original complaint's failure to allege a cognizable loss under FDUTPA. The Court is not persuaded by At Home's arguments that this provision does not apply here simply because At Home was only an assignee of benefits, rather than an insured. The provision imposes a condition on coverage not only for insureds but for any "organization making claim or seeking payment."

State Farm's FDUTPA claims, therefore, may proceed past the motion to dismiss stage. It remains for later proceedings to determine whether State Farm can submit evidence allowing it to recover on the FDUTPA claims. State Farm must ultimately prove not only that At Home made false statements in seeking payment for each of the many individual insurance claims at issue but made them with the intent to misrepresent or conceal a "material fact or circumstance," and it must establish the other FDUTPA elements for each individual claim, including the existence of deceptive or unfair practices likely to harm consumers, proximate causation, and actual damages.[4] The proper measure of State Farm's loss or damage, if any, also remains to be addressed.

---

[4] The parties offer differing definitions of what constitutes an "unfair" practice, but as State Farm's claims appear to center on deception, the Court has not determined the appropriate legal standard or whether State Farm's allegations are sufficient to allege "unfair" practices.

Because State Farm's allegations and argument continue to press points the Court has rejected, it is necessary to clarify the scope of the Court's rulings and the legal principles governing the case going forward.  First, State Farm's allegations that At Home violated the FTC Rule and analogous FHSSA provisions regarding notice of right to cancel and providing a copy of the relevant contract to the customer sufficiently allege per se FDUTPA violations.  State Farm's allegations of intentional concealment of inflated charges and misrepresentations to customers that the repairs would be at no cost to them, that the customers would receive an OE warranty, that the work would be performed by At Home itself, and that services were being billed under an inclusive, flat rate sufficiently allege per se or traditional FDUTPA violations.   State Farm's allegations that At Home in seeking payment on the claims made material misrepresentations to State Farm regarding hours worked, services provided, and customer approval, and that State Farm was therefore not required to make the payments it made, sufficiently allege a loss cognizable under FDUTPA.

On the other hand, the Court rejects State Farm's argument that other alleged FMVRA, FTC Rule, or FHSSA violations (including violations of licensing or registration requirements) constitute per se FDUTPA violations.  The Court also rejects the argument that FMVRA, FTC Rule, FHSSA, or FDUTPA violations occurring during At Home's dealings with its customers prior to submitting claims render the claims "unlawful," noncompensable, "false claims" under § 626.9541, *F.S.*, or claims coming with the Policy's Concealment or Fraud provision.  Finally,

the Court reads that Policy provision as applying to misstatements made by At Home to State Farm "in making claim or seeking payment," but not (as State Farm apparently reads it) as applying to alleged misstatements made to At Home's customers prior to submitting the insurance claims.

*Unjust Enrichment*

State Farm's allegations regarding the Concealment or Fraud provision in the Policy and the misrepresentations made by At Home in seeking payment sufficiently allege that the claims were noncompensable and that State Farm was not required to pay them under the Policy. This appears to remedy one of the two defects in State Farm's unjust enrichment count the Court previously identified.

At Home argues that State Farm's unjust enrichment claim is barred by this dilemma: if State Farm is in contractual privity with At Home, it cannot assert an an unjust enrichment claim, but it cannot assert the Policy provision to avoid payment unless it is in privity. Under *Silver Star Health & Rehab*, 739 F.3d at 584, State Farm and At Home were not in contractual privity because At Home, as a mere assignee of benefits, owed no contractual duty to State Farm. But the second half of the proposed dilemma, the proposition that State Farm cannot rely on the Policy provision in the absence of privity, fails to bar State Farm's claim. *Silver Star* held that privity was absent because, as a mere assignee of benefits, the provider of services in that case was under no contractual duty to the insurer. State Farm's reliance on the Policy provision, however, does not require or involve the imposition of any duty on At Home. The provision merely conditions State Farm's

duty to pay. As an assignee, At Home is subject to that condition even absent privity. At Home offers no authority to the contrary.

There remains a second problem with State Farm's unjust enrichment claim: State Farm alleges that At Home performed the repairs for which it sought and received payment. At Home therefore provided consideration to State Farm's insureds for the payments it obtained. As the Court noted in dismissing the original complaint, a defendant's payment of adequate consideration to any person precludes a claim for unjust enrichment. *See Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. 5th DCA 1007).

State Farm fails to meaningfully address the problem this principle poses for its unjust enrichment claim. It tries to avoid it by arguing that *Griggs* does not stand for the principle and held only that the plaintiffs in that case had not conferred a direct benefit. That interpretation of *Griggs* is incorrect, and the principle stated by *Griggs* is well supported in Florida law. *See, e.g., Baptista v. JP Morgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011) ("'When a defendant has given consideration to someone for the benefit conferred, a claim of unjust enrichment fails'") (quoting *Griggs*, 959 So. 2d at 331-32); *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 388 (Fla. 4th DCA 1997) ("[A]n unjust enrichment cannot exist 'where payment has been made for the benefit conferred.'") (quoting *Gene B. Glick Co. v. Sunshine Ready Concrete Co.*, 651 So. 2d 190 (Fla. 4th DCA 1995)); *see also Pincus v. Am. Traffic Solutions, Inc.*, 986 F.3d 1305, 1319 (11th Cir. 2021) (noting that in *Baptista*, "We held alternatively, in

a footnote, that Baptista's unjust enrichment claim failed as a matter of law because she received 'adequate consideration' for the benefit conferred upon Chase.") (quoting *Baptista*, 640 F.3d at 1198 n.3).

The Florida Supreme Court recently reaffirmed this fundamental principle in its answer to a certified question in *Pincus v. Am. Traffic Solutions, Inc.*, 333 So. 3d 1095 (Fla. 2022), where the court rejected an unjust enrichment claim under circumstances analogous to those presented here. The defendant in *Pincus* operated a red-light camera system for the City of North Miami Beach, and charged violators a fee if they chose to pay by credit card. The plaintiff brought a putative class action against the defendant on a theory of unjust enrichment, arguing that various statutes prohibited the defendant from collecting the fee, and therefore it had collected payments to which it was not legally entitled. The Florida Supreme Court held that, notwithstanding any statutory prohibition, the defendant's payment of adequate consideration – in the form of saved postage charges and convenience afforded to the customer who paid by credit card – precluded any claim for unjust enrichment. *Id.* at 1097. That was so because the concept of unjust enrichment only applies where the defendant retains a benefit "without paying the value thereof." *Id.*

*Pincus* plainly limits the broad language in *Silver Star* to the extent it might be read, as State Farm incorrectly argues, to suggest an unjust enrichment claim will lie whenever a defendant has received money it is "not legally entitled to receive." Application of the rule stated in *Pincus* and *Griggs* seems particularly

compelling here, where State Farm itself alleges that it paid At Home what State Farm unilaterally determined to be the value of the repairs At Home had provided to its insureds based on competitive rates, rather than on At Home's billing.

Under these circumstances, it is unclear what relevance, if any, the Policy's Concealment or Fraud provision has to an unjust enrichment claim. The ability to recover the payments in their entirety may be necessary, as State Farm argued at the hearing, to give State Farm the benefit of its bargain under the contract of insurance, but unjust enrichment is grounded on a different principle and operates independently of any contract. Nor does it appear obvious – to say the least – why justice or equity would dictate that State Farm be allowed to collect premiums from its insureds and then avoid paying anything whatsoever for repairs admittedly performed by At Home for those insureds.

At the same time, State Farm argues that the Policy allowed, but did not require, State Farm to base its payment on its determination of a competitive price and suggests that if At Home had submitted accurate information State Farm would have used a different method to determine the amount of payment, which would have been lower. It might therefore be argued that At Home in performing repairs did not actually pay the "value" of the benefit it received in the form of payments.

Whether such an argument could avoid the obstacle posed by *Pincus* and allow a more limited unjust enrichment claim is better considered on a more complete record, after further briefing on the scope of *Pincus* and perhaps further

developments in Florida law.  While the Court has doubts about the viability of State Farm's unjust enrichment claim, given the fact-intensive nature of the inquiry into whether retention of a benefit would be unjust or inequitable, the Court will deny the motion to dismiss this claim.  At Home is free to raise its arguments in a motion for summary judgment.

### *Declaratory Judgment*

State Farm seeks a judgment that "all outstanding unpaid, or allegedly underpaid, claims and charges that At Home submitted, or caused to be submitted, to the State Farm Plaintiffs for comprehensive insurance coverage benefits to date and through the trial of this case are not owed."  The declaration State Farm seeks will necessarily involve a fact-intensive inquiry into each of the thousands of claims submitted by At Home.  Moreover, to the extent State Farm asks the Court to examine claims it has already paid, this count appears duplicative of State Farm's other counts.  *See Hinds v. Am. Sec. Ins. Co.*, No. 16-20780-CIV, 2016 WL 8677863, at *7 (S.D. Fla. Sept. 9, 2016) (noting that declaratory judgment actions are often dismissed where the parties' dispute is primarily factual or other counts may provide complete relief).  To the extent State Farm also asks the Court to make the same determination for the hundreds or thousands of additional claims submitted after this suit was filed and up to the date of trial, the request appears highly impractical.

All that being said, as the Court has allowed State Farm's other claims to proceed, it will deny the motions to dismiss the declaratory judgment count.  It may

well be, however, that the Court ultimately exercises its discretion to decline to issue a declaration.

## Conclusion

State Farm will be required to establish all the elements of a FDUTPA violation as well as knowing and material misrepresentations in At Home's submissions *with respect to each of the thousands of claims on which it seeks recovery*. Whether State Farm can do that in any practical way in this lawsuit remains to be seen.

Moreover, the same allegations made here would constitute defenses or counterclaims in each of the thousands of cases pending in County Court in which At Home has sued State Farm alleging that State Farm owes more than it has paid on windshield claims. Defendant Alexander argues that "[t]he allegation that a specific claim is void because of a violation of the policy's fraud provision is best addressed on a claim-by-claim basis in state court," and that State Farm is improperly attempting to "bootstrap all of these alleged fraud claims together like some class action or multidistrict litigation under the guise of a FDUTPA claim or an unjust enrichment claim." While Alexander offers no legal authority showing State Farm's approach is "improper," the Court has expressed its own concerns to the parties on this same issue. At the Court's direction, the parties have filed memoranda addressing whether the Court can or should decline to hear the case under any of the various doctrines of abstention. The Court continues to evaluate

that issue, and by separate order will set a case management conference to discuss that issue as well as the nature of the proof to be offered if the case proceeds to trial.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's, At Home's, Motion to Dismiss Amended Complaint" (Doc. 75) is **DENIED**.

2. "Defendant Camp's Motion to Dismiss" (Doc. 76) is **DENIED**.

3. "Defendant Nicholas Alexander's Motion to Dismiss Amended Complaint" (Doc. 77) is **DENIED**.

4. Defendants are directed to file their answers to the amended complaint on or before October 14, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of September, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**