UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs,

v.                              Case No. 8:21-cv-239-TPB-AEP

AT HOME AUTO GLASS LLC,
WILLIAM CAMP, and NICHOLAS
ALEXANDER,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on "Plaintiffs' Motion for Reconsideration of the Court's Order on Cross-Motions for Summary Judgment," filed on October 28, 2024. (Doc. 209). Defendants filed a response in opposition on November 7, 2024. (Doc. 210). Upon review of the motion, response, court file, and record, finds as follows:

### Background

The factual background of this case is set forth in the Court's "Order on Cross-Motions for Summary Judgment" (Doc. 196) (the "Order") and is incorporated herein by reference. Briefly stated, from late 2018 through early 2021, Defendant At Home Auto Glass, LLC ("At Home") performed windshield repairs for car owners

insured by Plaintiff State Farm Mutual Automobile Insurance Company or Plaintiff State Farm Fire and Casualty Company (together, "State Farm"). At Home submitted claims to State Farm for the cost of these repairs under assignments of benefits from the insureds. State Farm paid At Home over $1 million on these claims.

In early 2021, State Farm ceased paying anything on claims submitted by At Home and filed this lawsuit for damages and declaratory relief against At Home and the individual Defendants. State Farm alleged that At Home obtained the assignments from its customers and insurance payments from State Farm by unlawfully soliciting and contracting with State Farm's insureds in violation of Florida consumer protection laws. State Farm further alleged that At Home's invoices submitted to State Farm in connection with the insurance claims included fabricated charges, misrepresentations regarding the hours worked, and misrepresentations that the insureds had reviewed and approved At Home's charges, when in fact they had not, rendering the charges non-compensable under the fraud and concealment provision contained in the relevant policies.

State Farm's suit asserted claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and for unjust enrichment and sought a declaratory judgment that it owed nothing further on the claims on which it had made payment and owed nothing on the claims it had denied altogether pending the outcome of this lawsuit. The Court granted summary judgment in favor of

Defendants and against State Farm on State Farm's claims for damages under FDUTPA and unjust enrichment. With respect to FDUTPA, the Court ruled that State Farm had failed to show injury or detriment to a consumer. *See* (Doc. 196 at 9-15) (citing, *inter alia*, *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019); *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164 (Fla. 4th DCA 2015)). The Court ruled that an unjust enrichment claim would not lie because At Home had provided value in exchange for the benefit received. *See* (Doc. 196 at 16-23) (citing *Pincus v. Am. Traffic Sols., Inc*, 333 So. 3d 1095 (Fla. 2022)). Having eliminated the damage claims, the Court declined to proceed with the declaratory judgment count and dismissed that claim. State Farm has moved for reconsideration of the Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).[1]

## **Legal Standard**

Whether brought under Rule 59(e) or 60(b), a motion for reconsideration generally requires an intervening change in controlling law, newly discovered evidence, or the need to correct manifest errors of law or fact. *See Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Williams v. Polk Cty. Bd. of Cty. Comm'rs*, No. 20-cv-2842-WFJ-SPF, 2022 WL 17820767, at *1 (M.D. Fla. Dec. 20, 2022), *aff'd,* No. 23-10206, 2024 WL 835242

---

[1] State Farm's motion references Rule 60(a), but it does not appear to invoke any ground available under that provision. State Farm does not argue the Court abused its discretion in dismissing the declaratory judgment count but argues that if the damage claims are reinstated, the declaratory judgment claim should be reinstated as well.

(11th Cir. Feb. 28, 2024).  A "manifest error" is an error that "amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

The purpose of a motion for reconsideration is not to ask the court to reexamine an unfavorable ruling without any manifest error of law or fact.  *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Nor may a motion for reconsideration be used to relitigate old matters, raise new arguments, or present evidence that could have been offered prior to judgment.  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  Reconsideration "is an extraordinary remedy to be employed sparingly." *E.g.*, *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The decision to grant a motion to alter or amend the judgment is committed to the sound discretion of the trial court.  *See Jenkins*, 922 F.3d at 1263; *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

## Analysis

State Farm principally argues that the Court erred in ruling that State Farm was required to present evidence of harm to a consumer or consumers in order to succeed on its FDUTPA claim but failed to do so.  The reasons for the Court's ruling on this point are adequately set forth at pages 9-15 of the Court's Order.  State Farm's motion fails to assert a basis for reconsideration under the foregoing

standards. Instead, it simply presents expanded and additional argument in support of the points it previously made. *Cf.* (Doc. 171 at 10-13; 172 at 10-13). "[A] a motion for reconsideration is not a proper forum merely to seek a second bite at the apple." *Guarino v. Wyeth LLC*, No. 8:10-cv-2885-T-30TGW, 2012 WL 28810, at *1 (M.D. Fla. Jan. 5, 2012). The Court will comment only on the following points.

First, State Farm points to a decision by a panel of the Eleventh Circuit handed down after the Court entered the Order, *GEICO v. Right Spinal Clinic, Inc.*, No. 23-11778, 2024 WL 4564168 (11th Cir. Oct. 24, 2024). *Right Spinal Clinic* affirmed a district court's summary judgment in favor of a plaintiff PIP insurer on FDUTPA and unjust enrichment claims in a case involving non-compensable invoices submitted to the insurer by a medical provider. *Right Spinal Clinic*, however, is an unpublished, non-binding decision, and it focuses on whether the services for which the provider submitted the invoices were eligible for PIP insurance reimbursement. The opinion's brief discussion of FDUTPA does not address the consumer harm issue which was at the heart of the case presently before this Court.[2] Accordingly, it does not present a basis for reconsideration.

---

[2] State Farm briefly argues in a footnote that the Court's grant of summary judgment on State Farm's unjust enrichment claim "appears to be directly in conflict" with *Right Spinal Clinic*. That argument is wrong and would have been better left out of State Farm's brief - even in a footnote. *Right Spinal Clinic* contains no analysis of the elements of unjust enrichment other than a recitation of the district court's ruling. More importantly, it does not address *Pincus v. Am. Traffic Sols., Inc*, 333 So. 3d 1095 (Fla. 2022), which was the basis for this Court's summary judgment ruling on this claim.

Second, State Farm argues that the statement in *Caribbean Cruise Line* that a FDUTPA damages claim requires proof of consumer harm was dictum. *See Caribbean Cruise Line,* 169 So. 3d at 169. It is not clear to the Court that the Fourth District's statement of the applicable rule of law was dictum. But even if it were, it has been followed by subsequent cases as representing the law of Florida. These cases include numerous federal district court decisions as well as decisions of the Eleventh Circuit. While these are not controlling authorities,[3] the same cannot be said of *Stewart Agency*, 266 So. 3d at 212. There, the Fourth District not only stated the rule from *Caribbean Cruise Line* but applied it to uphold summary judgment for the defendant because the plaintiff, a competing automotive dealership, failed to present "evidence that [the defendant] committed an unfair or deceptive trade practice *that injured a consumer.*" *Id.* (emphasis supplied). If the statement by the court in *Caribbean Cruise Line* was dictum, with *Stewart Agency*, "it emerged from the realm of dictum into the point actually decided." *See Cate v. Beasley*, 299 U.S. 30, 31 (1936).

The only thing State Farm has to say about *Stewart Agency* is that it relied on *Caribbean Cruise Line*. But that is simply an argument that *Stewart Agency* is wrong, not an argument why the Court is not bound to follow it. *See Nunez v. Geico*

---

[3] *CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 21-11183, 2022 WL 3012298 (11th Cir. July 29, 2022), was an unpublished decision. The statement on this point in *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 861 (11th Cir. 2023), an opinion written by the undersigned, was dictum. As for district court authorities, see, for example, *Trasco Wellness, LCC v. Tampa Bay Spine & Sports Med., LLC*, No. 8:23-cv-2536-WFJ-UAM, 2024 WL 1466322, at *3 (M.D. Fla. Apr. 4, 2024).

*Gen. Ins. Co.*, 685 F.3d 1205, 1210 (11th Cir. 2012) ("Absent a clear decision from the Florida Supreme Court on this issue, 'we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.'") (quoting *McMahan v. Toto,* 311 F.3d 1077, 1080 (11th Cir. 2002)).

Third, State Farm notes that the Court's Order described Florida law on the consumer harm requirement as not well-developed. More than one Florida court has noted that there are few state court decisions on FDUTPA. *See, e.g., Beacon Prop. Mgmt., Inc. v. PNR, Inc.*, 890 So. 2d 274, 278 (Fla. 4th DCA 2004) (describing state court decisions on FDUTPA as "rare events"). The vast majority of FDUTPA case law consists of noncontrolling decisions of federal courts. State Farm suggests the consumer harm issue should be certified to the Florida Supreme Court. That avenue is available only to federal appellate courts, not to district courts. *See* Art. V, § 3(b)(6) Fla. Const.; Fla. R. App. P. 9.150(a). But the Court agrees that this issue and others surrounding FDUTPA ought to be clarified by Florida's high court.[4]

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

---

[4] Another area in need of clarification is the available measure of damages under FDUTPA in cases involving non-consumer plaintiffs. *See Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) (pointing to tension between long-standing case law limiting damages to difference between the actual market value of the product or service and the market value as represented, on the one hand, and the expansion of FDUTPA to allow non-consumer plaintiffs to sue, on the other).

1. "Plaintiffs' Motion for Reconsideration of the Court's Order on Cross-Motions for Summary Judgment" (Doc. 209) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE